**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.1.0**

# United States Court of Appeals
## For the First Circuit

---

No. 06-1158

UNITED STATES OF AMERICA,

Appellee,

v.

MARCOS COELHO,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Reginald C. Lindsay, U.S. District Judge]

---

Before

Lipez, Circuit Judge,
Campbell, Senior Circuit Judge,
and Howard, Circuit Judge.

---

John F. Palmer on brief for appellant.
Nadine Pellegrini and Dina Michael Chaitowitz, Assistant
U.S. Attorneys, and Michael J. Sullivan, United States Attorney,
on brief for appellee.

---

January 12, 2007

---

**Per Curiam**. Marcos Coelho,[1] who pled guilty to illegal reentry after being deported following his conviction for statutory rape, appeals from his 37-month, within-guidelines sentence on the grounds that it was inadequately explained and unreasonably high under the standards we articulated in United States v. Jiménez-Beltre, 440 F.3d 514 (1st Cir. 2006) (en banc). For the reasons detailed below, we reject those arguments and affirm the sentence.

We pause at the threshold to consider and resolve a jurisdictional issue not addressed by the parties. See Credit Francais Int'l, S.A. v. Bio-Vita, Ltd., 78 F.3d 698, 706 (1st Cir. 1996). In the district court, Coelho's arguments for a lower sentence were framed both as a request for a downward departure under the guidelines and as a request for a below-guidelines sentence under the factors enumerated in 18 U.S.C. § 3553(a). On appeal, however, he challenges the reasonableness of his within-guidelines sentence based solely on the statutory factors. If, instead, he were appealing solely from the denial of a downward departure, we would have no jurisdiction to consider the appeal. United States v. Meléndez-Torres, 420 F.3d 45, 50 (1st Cir. 2005). However, where, as here, a defendant is challenging the reasonableness of his ultimate sentence under the statutory

---

[1]Although the district court referred to the defendant as Marcos Santos, the record indicates that his real name is Marcos Coelho. We will therefore refer to him as "Coelho."

-2-

factors--albeit on much the same grounds urged in favor of a downward departure--no jurisdictional impediment exists to our review for reasonableness under United States v. Booker, 543 U.S. 220 (2005). See Jiménez-Beltre, 440 F.3d at 517 (finding jurisdiction to review a sentence for reasonableness regardless of whether it falls inside or outside the guidelines). Accordingly, we turn to the merits.

First, Coelho faults the district court for failing to state its reasons for declining to impose a below-guidelines sentence under the statutory factors. However, as indicated above, Coelho's arguments for a below-guidelines sentence were essentially the same as those for a downward departure under the guidelines. And the judge's reasons for rejecting those arguments can be readily discerned from the face of the sentencing transcript or "inferred by comparing what was argued by the parties or contained in the pre-sentence report with what the judge did." Id. at 519.

Nor was there anything unreasonable about the district court's explicit or implicit reasons for imposing a sentence at the bottom of the applicable guidelines range. In particular, the court was apparently unimpressed by Coelho's argument that his advisory guidelines range overstated the seriousness of his prior conviction for he received a 16-level enhancement under U.S.S.G. a crime of violence, i.e., statutory rape, for which

§ 2L1.2(b)(1)(A)(ii).[2]  See id. comment. (n.1(B)(ii)) (defining "crime of violence" to include statutory rape).  When the court reminded defense counsel of Coelho's burden of demonstrating his entitlement to a downward departure on that basis,[3] defense counsel proffered--but did not introduce--Coelho's statement to police that the victim consented to have sex with him, which contrasted sharply with the graphic description of the violent offense conduct contained in the presentence report.[4]  We see nothing improper about the court's implicit finding that the offense conduct was as described in the presentence report rather than in Coelho's self-serving statement.  If so, Coelho's proffer that the victim was

---

[2]Neither in the district court nor on appeal does Coelho contest the applicability of that enhancement under the guidelines.

[3]That same burden applies, post-Booker, to the proponent of a statutory factor that would work in the proponent's favor. Jiménez-Beltre, 440 F.3d at 519.

[4]Coelho suggests that the court's reliance on the state prosecutor's description of the offense conduct contained in the presentence report was impermissible under Shepard v. United States, 544 U.S. 13 (2005), which limits the kinds of evidence that a court may rely upon in determining whether a prior conviction was for a "crime of violence" for purposes of increasing a defendant's statutory minimum sentence under the Armed Career Criminal Act. However, Shepard and its underlying Sixth Amendment rationale are inapplicable where, as here, the evidence relates to a request for a reduced rather than an enhanced sentence, United States v. Bermúdez, 407 F.3d 536, 544-45 (1st Cir.), cert. denied, 126 U.S. 304 (2005), and does not affect the statutory minimum but only the advisory guidelines range, United States v. Gonsalves, 435 F.3d 64, 73 (1st Cir. 2006).  Moreover, if Shepard were applicable, it would bar consideration of Coelho's proffered version of events as well.

almost sixteen at the time of the offense did nothing to mitigate the serious nature of the offense conduct.

The district court also expressed skepticism about Coelho's argument that the 37-month sentence imposed was unnecessary to serve the purpose of deterrence, given a state-court judge's threat (or prediction) that, if Coelho illegally reentered the United States once again, he would likely be sentenced to life imprisonment. The district court reasonably rejected that argument, particularly in light of the fact that Coelho had previously entered or attempted to enter the United States illegally three times.

Nor do we see anything unreasonable about the district court's rejection of Coelho's argument that his sentence should be reduced to account for the two months he had already spent in state custody or that of federal immigration authorities pending disposition of the present case. See Jiménez-Beltre, 440 F.3d at 520.

Coelho's argument that it would have been reasonable to reduce his sentence on the grounds argued here reflects a misunderstanding of our standard of review under Booker. "Reasonableness entails a range of potential sentences, as opposed to a single precise result." United States v. Dixon, 449 F.3d 194, 204 (1st Cir. 2006). Accordingly, an appellant must explain not why a desired sentence would be reasonable but why the imposed

sentence was unreasonable. <u>United States</u> v. <u>Nichols</u>, 464 F.3d 1117, 1124, 1126 (9th Cir. 2006). Where, as here, the imposed sentence is within the advisory guidelines range, that burden is heavy, <u>United States</u> v. <u>Pelletier</u>, 469 F.3d 194, 204 (1st Cir. 2006), and Coelho has failed to meet it.

Accordingly, the sentence is <u>affirmed</u>. <u>See</u> 1st Cir. Loc. R. 27.0(c).